# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FRANCES L. CASPER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:05CV1942 HEA ) |
| MONY LIFE INSURANCE COMPANY OF AMERICA and GILBERT H. SCHUMACHER, | ) ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, [#13]. Defendants have responded to the motion. For the reasons set forth below, Plaintiff's motion is granted.

## Facts and Background

In December, 1985, Plaintiff, Frances Casper and her husband, Kenneth Casper, entered into a contract for life insurance with Defendant MONY Life Insurance Company through its representative, Defendant Gilbert Schumacher. The life insurance policy insured the life of Kenneth Casper, providing that MONY would pay $200,000.00 in policy benefits to Frances Casper in the event Kenneth Casper died at the time the policy was in effect. Plaintiff alleges that the policy she and her husband purchased required an up-front premium in the amount of $3,502.17, and that scheduled

premiums would be off-set and paid by the earnings of the up-front premium. Defendant Schumacher allegedly represented to Plaintiff and her husband that they would not be required to make additional premiums on the policy, and that in the event a premium did become due, Plaintiff would be given thirty (30) days notice to pay the premium before the policy would be cancelled.

When Kenneth Casper died on April 7, 2005, Plaintiff submitted her claim to MONY for life insurance benefits, which was denied. MONY claim that as of March 2, 2005, the balance of the up-front premium was insufficient to off-set the premiums due and that on April 2, 2005, the life insurance policy had lapsed without value. Plaintiff claims that MONY and Schumacher did not give notices as required under the contract and misrepresented the dates certain notices were created and mailed. Plaintiff alleges that Defendants' misrepresentations were ongoing, because in April, May, June, and July of 2005, they claimed that notices and statements relating to the policy had been mailed to Plaintiff. Plaintiff did not receive such notices until after she demanded MONY fulfill its obligations under the policy.

Plaintiff is a resident of Missouri, while Defendant MONY is a corporation existing under the laws of the State of Arizona, with its principal place of business in New York, New York. Defendant Gilbert Schumacher is a resident of Missouri. Defendants contend that under Missouri law, Plaintiff cannot assert a cause of action

against Schumacher, and that Schumacher was fraudulently joined to destroy diversity. On October 21, 2005, Defendants filed their notice of removal to this Court based on diversity of citizenship under 28 U.S.C. § 1332 and claimed fraudulent joinder of the resident defendant, Gilbert Schumacher. On November 15, 2005, Plaintiff filed her motion to remand alleging the removal was improper, because Defendants cannot show that Schumacher was fraudulently joined.

## **Discussion**

A defendant may remove a civil action from a state court to a federal court on the basis of diversity jurisdiction only if none of the properly joined defendants are citizens of the state in which the original action was filed. 28 U.S.C. § 1441(b); *Pender v. Bell Asbestos Mines, Ltd.,* 46 F. Supp.2d 937, 939 (E.D. Mo. 1999). A district court lacks diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. *Hurt v. Dow Chemical Co.,* 963 F.2d 1142, 1145-56 (8th Cir. 1992). If statutory requirements for removal jurisdiction are not met, a district court has no jurisdiction. *Id.* at 1145.

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas.*

*Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cr. 1997), *cert. denied,* 522 U.S. 1075 (1998); *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993). Removal, however, will not be defeated by collusive or fraudulent joinder. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (per curiam). Fraudulent joinder exists if, on the face of a plaintiff's state court pleading, no cause of action lies against the resident defendant. *Id.* When the party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. 28 U.S.C. § 1441; *Parnas v. General Motors Corp.,* 879 F. Supp. 91, 92 (E.D. Mo. 1995). This burden is substantial. In order to establish that a resident defendant has been fraudulently joined, the removing party must show that (1) there is no reasonable basis in fact and law supporting the claim stated against the resident defendant; or (2) the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the defendant. *Reeb v. Wal-Mart Stores, Inc.,* 902 F. Supp. 185, 188 (E.D. Mo. 1995).

Generally speaking, in determining whether the Court has complete jurisdiction, the Court must look to the allegations in the complaint. "Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson,* 724 F.2d at 83-84; *BP Chem. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir.), *cert. denied,* 537 U.S. 942 (2002). Joinder is fraudulent and removal

is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002).

In their response to Plaintiff's motion, Defendants claim that Plaintiff's claim against Schumacher is barred by the statute of limitations. Under Missouri law, claims of fraud are bound by a fifteen-year maximum limitations period. MO. REV. STAT. § 516.120(5). Section 516.120(5) provides:

> An action for relief on the ground of fraud [shall be brought within five years], the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

Section 516.120(5) is absolute, in that it permits a maximum of 15 years for the commencement of a suit. If the fraud is not discovered or discoverable during the 10-year period after its occurrence, then the cause of action is deemed to have accrued at the termination of such period, and the 5-year statute of limitations commences to run from that time. *Nettles v. American Tel. and Tel. Co.,* 55 F.3d 1358 (8th Cir. 1995).

Defendants argue that because Schumacher's alleged commission of fraud occurred in 1985, Plaintiff's claim against him is barred, since the time within which Plaintiff could have brought suit would have expired sometime in the year 2000. Because Plaintiff's claim against Schumacher is barred, Defendants claim they have

established that Schumacher has been fraudulently joined, since there is no reasonable basis in fact or law supporting the claim stated against him.

The standard applied in the Eighth Circuit is whether there exists "no reasonable basis in fact and law supporting a claim against the resident defendant." *Wiles*, 280 F.3d at 871. Thus, where the facts as alleged in the Complaint clearly show that a claim is time-barred, that no question of fact concerning application of the statute of limitations exists, a court may properly consider a statute of limitations defense in determining fraudulent joinder. Courts in other jurisdictions have addressed statute of limitations issues in determining fraudulent joinder, and this Court finds such cases persuasive. *See e.g., Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1320 (9th Cir. 1998); *LeBlang Motors, Ltd. v. Subaru of America, Inc.,* 148 F.3d 680, 692 (7th Cir. 1998); *Kohl v. American Home Products Corp.,* 78 F. Supp.2d 885, 897 (W.D. Ark. 1999); *Bain v. Honeywell Int'l, Inc.,* 167 F. Supp.2d 932, 937 (E.D. Texas 2001); *Peters v. Metropolitan Life Ins. Co.,* 164 F. Supp.2d 830, 838-839 (S.D. Miss. 2001).

Plaintiff argues that the fraudulent acts committed by Schumacher did not only occur in 1985, but that they were ongoing, occurring after 1985 and after the death of Plaintiff's husband, because both Schumacher and MONY made false representations regarding the notices which were required to be sent to Plaintiff per the provisions of the policy, and that they "misrepresented the dates certain notices were created and

mailed." Therefore, the Court concludes that the facts as alleged in the Complaint do not clearly show that the claim is time-barred, and a question of fact exists concerning the application of the statute of limitations. Thus, it cannot be said that there is no reasonable basis in fact or law supporting the claim stated against Defendant Schumacher. There exists a plausible claim against Schumacher, and the Court cannot conclude that Plaintiff has no real intention of prosecuting the fraud action against him. Therefore, Plaintiff's motion to remand is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [#13], is granted.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss, [#5] and [#6], are denied as moot in consideration of this Court's ruling on Plaintiffs' Motion to Remand.

Dated this 19th day of December, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE